UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-mj-2820-JG

UNITED STATES OF AMERICA,

vs.

EDGAR GEOVANNY WALLER-MARADIAGA,

    **Defendant.**
    _____/

## DETENTION ORDER

On June 17, 2015, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether the defendant, Edgar Geovanny Waller-Maradiaga, should be detained prior to trial.

The government moves for an order of pre-trial detention based upon the statutory presumption, risk of flight and danger to the community. The government asserts that because there is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community.  *See* 18 U.S.C. § 3142(e)(3)(A).

Having considered the evidence presented at the pre-trial detention hearing, the Pre-trial Services Report, and the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that the rebuttal presumption applies -- that no condition or combination of conditions will reasonably assure the appearance of the defendant as required if the defendant is released on bond -- and that defendant has not rebutted the presumption. *See* 18 U.S.C. § 3142(e)(3)(A).  The Court also finds by a preponderance of the evidence that the defendant represents a risk of flight.  *See* 18 U.S.C. § 3142(e)(1).[1]  Therefore, this Court orders the detention of the defendant prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by complaint dated June 15, 2015, with violating 21 U.S.C. §§ 841(a) and 952(a).

2. The government proffered evidence that on June 15, 2015, the defendant arrived at Miami International Airport aboard American Airlines Flight #1546 from San

---

[1] The government's burden of proof with respect to risk of flight or non-appearance is preponderance of the evidence.  *United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988).

Pedro Sula, Honduras.[2]  After being admitted into the United States by U.S. Customs and Border Protection ("CBP"), the defendant presented himself and his luggage for a secondary examination.  During the secondary examination, CBP discovered a powdery substance concealed inside a false siding of the defendant's luggage.  A field test was performed and CBP determined that the substance was approximately 2.875 kilograms of heroin.  According to the government, the defendant later provided a post-*Miranda* statement in which he indicated that he knew that he would be carrying a controlled substance in his luggage into the United States.

3. According to the government, the defendant is a citizen of Honduras and visited the United States on a non-immigrant tourist visa.  If convicted, the government estimated that he is facing 97-121 months' imprisonment.

4. The defendant presented no evidence to otherwise rebut the presumption that no condition or combination of conditions will reasonably assure his appearance in future court proceedings.  *See* 18 U.S.C. § 3142(e)(3)(A).

5. Based on the above findings of fact, this Court finds that the defendant has not overcome the statutory presumption that no condition or combination of conditions will reasonably assure his future appearance in these proceedings.  The Court *also* finds by a preponderance of the evidence that no condition or combination of conditions

---

[2]  Homeland Security Investigations Special Agent Robert Manzanares was present at the detention hearing and subject to cross-examination by defendant's counsel.

would reasonably assure the appearance of the defendant as required if the defendant were to be released on bond.

The Court hereby directs that:

a. The defendant be detained without bond;

b. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons waiting or serving sentences or being held in custody pending appeal;

c. The defendant be afforded reasonable opportunity for private consultation with counsel;

d. On order of a court of the United States or on request of an attorney for the government, that the person in charge of the corrections facility in which the defendant is confined, deliver the defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, June 18, 2015.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record
      Pretrial Services
      U.S. Marshals Service